UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 27 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 F Street, NE
Washington, D.C. 20549

    Plaintiff,

v.

BOBBY J. ELKIN, JR., BAXTER J. MYERS
THOMAS G. REYNOLDS, AND
TOMMY LYNN WILLIAMS

    Defendants.

Civil Action No. 1:10-cv-661 (RMU)

## FINAL JUDGMENT AS TO DEFENDANT TOMMY LYNN WILLIAMS

The Securities and Exchange Commission having filed a Complaint and Defendant Tommy Lynn Williams having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

2

30A of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78dd-1], by acting on behalf of any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act or which is required to file reports under Section 15(d) of the Exchange Act and making use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to:

(1) any foreign official for purposes of:

(A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purpose of:

(A)(i) influencing any act or decision of such party, official, or candidate in its or in his official capacity, (ii) inducing such party, official, or candidate to do or omit to do any act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence

3

with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist any issuer in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of:

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,

in order to assist any issuer in obtaining or retaining business for or with, or directing business to, any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all those persons in active concert and

participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or to any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)] that:

(a) fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: *August 26, 2010*

_____
UNITED STATES DISTRICT JUDGE